JS-6

# IN THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA

LONNIE LEE POSLOF, Sr.,

Plaintiff,

v.

CALIFORNIA DEPARTMENT OF CORRECTIONS, et al.,

Defendants.

Case No. ED CV 22-1105 DOC (MRW)

**ORDER DISMISSING ACTION**

The Court dismisses this action without prejudice due to the failure of a pro se litigant to amend his complaint or respond to court orders.

* * *

1. This is a civil action involving a self-represented prisoner. Plaintiff Poslof is an inmate at the state prison facility in Corcoran,

California.[1] He filed this civil action alleging various housing and medical claims against the prison and its senior staff. (Docket # 1.)

2. In July 2022, Magistrate Judge Wilner screened the pleading pursuant to 28 U.S.C. § 1915A. The magistrate judge dismissed the original complaint with leave to amend for a variety of reasons. (Docket # 5.) Judge Wilner noted that the complaint named an immune party (the state agency that operates the prison), failed to identify a proper individual defendant, and did not state a recognizable federal cause of action. (Id.) The magistrate judge gave Plaintiff a deadline by which to file an amended complaint.

3. Plaintiff failed to do so. In September 2022, Judge Wilner issued an order to show cause why the action should not be dismissed for failure to comply with the earlier order requiring Plaintiff to submit an amended complaint. (Docket # 8.) Plaintiff responded by submitting a partially illegible letter to the Clerk that briefly reiterated his claims regarding his poor health and requested assistance from the Court. (Docket # 9.) The submission did not amend his complaint in response to the OSC.

* * *

4. Rule 41(b) provides that if a plaintiff "fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss

---

[1] The Corcoran prison is in Kings County, California, which is within the judicial district of the federal court in the Eastern District of California. Plaintiff apparently filed this action in the Central District of California because his various habeas corpus petitions have been adjudicated in this Court. See Case Nos. ED CV 06-1418 AG (MRW), ED CV 15-2526 AG (MRW), and ED CV 19-1422 DOC (MRW) (C.D. Cal.). In light of Plaintiff's failure to respond to the Court's previous order to show cause (Docket # 8), it is appropriate to dismiss this civil action without prejudice than to transfer it to the Eastern District for further proceedings.

the action or any claim against it." Dismissal also may be ordered by the Court sua sponte. Link v. Wabash R.R., 370 U.S. 626, 629-30 (1962).

5. Rule 41(b) specifically authorizes a court to dismiss a civil action when a plaintiff has not filed a required pleading "after being given leave to do so and has not notified the court of his intention not to file" that document. Harris v. Magnum, 863 F.3d 1133, 1142 (9th Cir. 2017). Rule 41(b) applies when a court "mandate[s] the filing" of a pleading and "indicate[s] that failure to do so would result in dismissal" under the rule. Applied Underwriters, Inc. v. Lichtenegger, 913 F.3d 884, 892 (9th Cir. 2019).

6. Dismissal of a civil action under Rule 41 may be appropriate to advance the public's interest in the expeditious resolution of litigation, the court's need to manage its docket, and to avoid the risk of prejudice to defendants. Omstead v. Dell, Inc., 594 F. 3d 1081, 1084 (9th Cir. 2010). Additionally, a court should consider the public policy favoring disposition of cases on their merits and the availability of less drastic alternatives in its evaluation. Carey v. King, 856 F.2d 1439, 1440 (9th Cir. 1988).

7. In the present action, the Court concludes that dismissal of the action is appropriate. Plaintiff failed to amend his complaint after receiving an explanation of its problems from the magistrate judge. Further, Plaintiff did not respond substantively to an order to show cause triggered by his failure to file a timely amended complaint. Plaintiff's inability to file a valid complaint or follow the magistrate judge's orders demonstrates that he has no interest in advancing the action here.[2]

---

[2] To the extent that Plaintiff's letter can be construed as a request for appointment of a lawyer, the Court declines to do so. The decision to appoint such counsel is within the sound discretion of the trial court and is granted only in "exceptional circumstances." Agyeman v. Corrections Corp. of America, 390 F.3d 1101, 1103 (9th Cir. 2004); 28 U.S.C. § 1915(e)(1). To decide whether exceptional circumstances exist, the court must evaluate both the likelihood of

8. By contrast, the Court, the defense, and the public have a strong interest in terminating this action. This is particularly true given that Plaintiff failed to respond to court orders. No sanction short of dismissal will be effective in moving this case forward. Carey, 856 F.2d at 1440. The Court concludes that dismissal is appropriate under Rule 41(b). Applied Underwriters, 913 F.3d at 892.

* * *

9. Dismissal under Rule 41(b) ordinarily "operates as an adjudication on the merits" of a claim unless "the dismissal order states otherwise." Given that Plaintiff likely filed the action in the wrong district and alleges significant personal difficulties, though, the Court orders that the present action be DISMISSED without prejudice.

IT IS SO ORDERED.

Dated: December 27, 2022

HON. DAVID O. CARTER
UNITED STATES DISTRICT JUDGE

Presented by:

HON. MICHAEL R. WILNER
UNITED STATES MAGISTRATE JUDGE

---

success on the merits and the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved. Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986). Plaintiff's unclear and unintelligible filings in the action to date are insufficient to establish any likelihood of success on his claims.